```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

UNITED STATES OF AMERICA

v.                                     CRIMINAL NO. 5:07-00121

LYNN WOOD CAMPBELL, II

                    MEMORANDUM OPINION AND ORDER

      In Bluefield, on September 24, 2007, came the defendant, Lynn Wood Campbell, II, in person and by counsel, Christian M. Capece, Assistant Federal Public Defender; and came the United States by John L. File, Assistant United States Attorney, for the purpose of considering the defendant's plea to a single-count indictment charging him with escape from a correctional facility in violation of Title 18 United States Code § 751(a), Alex Alvarez appeared on behalf of the United States Probation Department.

      The court inquired of the defendant, addressing him personally and by counsel, to determine the competency of the defendant to proceed.  The court found the defendant competent.

      The court informed the defendant of the maximum penalties to which he will be exposed by virtue of his plea of guilty and defendant acknowledged his understanding of the same.

      The court next inquired as to the defendant's plea and the defendant responded that he intended to plead guilty.  The court explained the range of penalties to which the defendant

would be subject by virtue of his guilty plea.  The court also explained the statute under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which he was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional and other rights he would waive by pleading guilty to the single-count indictment.  The court then determined that the defendant understood those rights.  The court advised the defendant that he could not withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty.  Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent

factual basis for the defendant's plea of guilty.  The court further found that the defendant tendered his plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial.  The court further found that the defendant had an appreciation of the consequences of his plea, and accepted the defendant's plea of guilty.  The defendant executed a written plea of guilty which his counsel witnessed.

Accordingly, the court adjudges and the defendant now stands guilty of the single-count indictment.

The court scheduled the disposition of this matter for December 17, 2007, at 11:30 a.m., in Bluefield.  The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court.  Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to send a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 25th day of September, 2007.

    ENTER:

    David A. Faber
    United States District Judge